## Vandergrift v. Waters et al.

*William K. Rhoades*, for rule; *William C. Alexander*, contra.

BROOMALL, J., December 26, 1930.—Plaintiff in this action entered a judgment against defendants to the above number and term on a confession of judgment contained in a promissory note executed by defendants. A writ of fieri facias was issued on this judgment, and each of defendants presented to the sheriff a separate claim for his $300 exemption. Plaintiff thereupon presented his petition to this court averring that defendants were partners; that the indebtedness evidenced by the note was an indebtedness incurred in the operation of the partnership and that the property levied upon and out of which the exemptions were claimed was partnership property. He prayed for a rule on defendants to show cause why their claim of exemption should not be stricken off and set aside, and a rule was granted as prayed for. To this rule an answer was filed by defendants which denied that any partnership existed between them; denied that the property levied upon was partnership property, and denied that the indebtedness evidenced by the note upon which the judgment was entered was a partnership indebtedness. From the testimony taken before the court on the petition and answer, we should be justified in finding that a partnership did exist between defendants; that the indebtedness evidenced by the note was in part a partnership indebtedness and in part was an individual indebtedness of the individual partners;

that a portion of the personalty levied upon was partnership property and that part of it was the individual property of one or the other of the partners, the line of demarcation between the property owned by the partnership and that owned by the individual partners not being clearly drawn.

Under these conditions, we do not believe that the pending rule should be sustained. Unquestionably, neither partner nor both of them may claim the exemption out of partnership property, but either partner individually may claim his individual exemption out of any property owned by him individually, although, of course, not out of any property owned individually by his brother. We think, therefore, as was intimated at the argument, that the proper method of procedure would be to permit appraisements to be made under defendants' individual claims to exemption, and for plaintiff then to attack these appraisements if any property is set aside to either claimant which was their partnership property or the property of the other defendant.

In so holding, we think that there is no conflict between our decision and that in the various cases cited in plaintiff's brief, for in none of those cases was there any question whatever as to the character in which the property claimed was held and in none of those cases did it appear that the individual claimant was claiming under his exemption property which was owned by him individually and which had not been pledged for the payment of the indebtedness.

And now, to wit, December 26, 1930, the rule to show cause is discharged, without prejudice, however, to the right of plaintiff to attack in any manner hereafter any appraisement that may be made upon the claim to exemption by either defendant.                    From William R. Toal, Media, Pa.